**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued October 27, 2010
Decided November 4, 2010

## Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 10-1206 <br><br> AMY S. JAKUBOVSKY, <br>    *Plaintiff-Appellant*, <br><br> *v.* <br><br> BLACKJACK SKI CORPORATION and <br> AMERICAN HOME ASSURANCE COMPANY, <br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 08-C-0206 <br> William C. Griesbach, *Judge*. |

## Order

Amy Jakubovsky was injured when a snowboarder emerged from a wooded area and collided with her at the Blackjack Ski Resort in Michigan. The snowboarder fled and has not been identified. Jakubovsky lost her balance and plowed into a wooden fence, which the Resort had placed at the side of the trail to prevent skiers from falling into steep and rocky terrain. The fence served its function but at a cost: Jakubovsky sustained extensive injuries to her back and ribs. She sued the Resort and its insurer. Jurisdiction rests on diversity of citizenship. 28 U.S.C. §1332.

The district court granted summary judgment to the defendants, 2009 U.S. Dist. LEXIS 120889 (E.D. Wis. Dec. 29, 2009), ruling that Michigan's Ski Area Safety Act, Mich. Comp. Laws §408.342(2), precludes liability. This Act provides:

> Each person who participates in the sport of skiing accepts the dangers that inhere in that sport insofar as the dangers are obvious and necessary. Those dangers include, but are not limited to, injuries which can result from variations in terrain; surface or subsurface snow or ice conditions; bare spots; rocks, trees and other forms of natural growth or debris; collisions with ski lift towers and their components, with other skiers, or with properly marked or plainly visible snow-making or snow-grooming equipment.

The district court held that the collision with the snowboarder is covered by the second sentence, which identifies "collisions with … other skiers" as an inherent danger of skiing, and that the secondary collision with the fence is covered directly by the first sentence, which says that skiers accept "the dangers that inhere in that sport insofar as the dangers are obvious and necessary." Jakubovsky does not deny that a fence was both obvious to skiers and "necessary" to reduce the dangers of the sport. The district court thought it unimportant that "lift towers and their components" are enumerated in the Act, while "fences" are not. The second sentence provides that the enumeration is not exclusive, so if a fence is both obvious and necessary the first sentence applies. The district court relied on *Brodie v. Riverview*, 1996 Mich. App. LEXIS 645 (Nov. 19, 1996), which, although unpublished, holds that the Act applies to fences. See also *Anderson v. Pine Knob Ski Resort, Inc.*, 469 Mich. 20, 664 N.W.2d 756 (2003) (applying the Act to a collision with a shack containing timing equipment).

Jakubovsky contends on appeal, as she did in the district court, that the Resort should have done more to prevent snowboarders from entering the wooded area, which is closed to skiing and snowboarding; that the Resort should have alerted patrons to the fact that snowboarders were known to use areas closed to skiing; and that the Resort should have built the fence from a more flexible substance, such as a plastic net, to reduce the hazards posed by rigid obstacles. The district court's careful opinion considers all of these arguments (and some others that we have not mentioned). We affirm for substantially the reasons given by the district court.

The Act does not require structures to be designed to reduce the damage caused by a collision. Jakubovsky's lawyer conceded at oral argument that lift towers need not be padded. If a collision with a solid steel tower cannot support liability in tort, neither can a collision with a wooden fence. Counsel contended that towers are special situations, because enumerated in the second sentence; yet the Supreme Court of Michigan in *Anderson* rejected an argument that the second sentence limits the scope of the first. The wooden fence was obvious and necessary. The fence in *Brodie* was plastic netting, which apparently is not the panacea that plaintiff's counsel depicts it to be. At all events, under the Act the obvious structures on a ski course need not be the best available. It is unnecessary to add to what the district court said about Jakubovsky's other arguments.

AFFIRMED